NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
wadams@nmalawfirm.com
501 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 233-8200
Fax: (619) 393-0461

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JATINDER SINGH, an individual; CEDAR MOUNTAIN, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 8:20-cv-02090-CJC-ADS**<br><br>Complaint Filed: October 29, 2020<br><br>**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>FRCP Rules 12(b)(1), 12(b)(6), & 12(h)(3)<br><br>Date: February 22, 2021<br>Time: 1:30 P.M.<br>Courtroom: 9B<br>Judge Hon. Cormac J. Carney |

## SUMMARY OF MOTION

Plaintiff's ("Plaintiff") JAMES RUTHERFORD'S Complaint against Defendants JATINDER SINGH and CEDAR MOUNTAIN, LLC ("Defendants") alleges causes of action under the Americans with Disabilities Act, Title III (relating to public accommodations) and the California Unruh Act. Defendant brings this motion to dismiss on the that Plaintiff fails to plead facts sufficient to allege the standing requirement of an injury-in-fact.

## STATEMENT OF RELEVANT FACTS

Plaintiff sues Defendant for injunctive relief under the Americans with Disabilities Act (42 USC §§12101 et seq. "ADA") (Compl., ¶¶ 30-35) and for damages and injunctive relief under California's Unruh Civil Rights Act (Civil Code §§51 et seq.) (Compl., ¶¶ 36-39)  Defendants JATINDER SINGH and CEDAR MOUNTAIN, LLC are lessee / operator and the lessor / property owner, respectively, of a grocery store / butcher shop in Anaheim, CA. Plaintiff alleges he is disabled and that:

> ". . . he visited October 3, 2020 for the dual purpose of viewing menu items and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law." (Id. at ¶11)

Plaintiff apparently was unaware that the Defendant's business is a grocery store rather than a restaurant. He then proceeds to alleges various ADA violations related to parking. (Compl. ¶¶ 12 -17).

As is readily ascertainable from the Court's own records, Plaintiff has filed close to 300 access lawsuits in the in the Central District in the 12 months prior to filing the present lawsuit. This number of lawsuits easily qualifies him not only as a "high-frequency litigant" under California Code of Civil Procedures §§425.50 and 425.55, but also as one of:

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

"a very small number of plaintiffs [who] have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336)." CCP §425.55(a).

Plaintiff could easily file his complaint in the Limited Civil or Small Claims divisions of the California state courts (the state's "Economic Litigation" divisions – Civil Code §52.2 gives these divisions jurisdiction over even injunctive relief of access claims) but he files in Federal District to Court to maximize his leverage to obtain a disproportionate monetary settlement.  In so doing, he ties up Federal Court resources which should be applied to cases which have no alternative forums.

## PROCEDURAL AUTHORITY FOR MOTION

Lack of Subject matter jurisdiction will result in dismissal. (Federal Rule of Civ. Proc. 12(b)(1)).  Failure to state a claim upon which relief may be granted. (FRCP Rule 12(b)(6))

Even at the initial pleading stage, plaintiffs bear the burden of establishing the court's subject matter jurisdiction.  California Practice Guide, Federal Civil Procedure Before Trial, §9:77.10.  "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*,

192 F.3d 1260, 1264 (9th Cir. 1999). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016). A "bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement." *Id.*

FRCP Rule 12(d) allows pleading motions to be combined with summary adjudication of facts outside the pleadings under FRCP Rule 56.

**PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff fails utterly to plead facts sufficient to allege the standing requirement of an injury-in-fact.

Under FRCP Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court in *Ashcroft v. Iqbal* held that the Rule 8 pleading standard "demands more than an unadorned [] accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955. In order to avoid dismissal, the plaintiff's complaint must plead facts which, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Additionally, the U.S. Supreme Court recently set forth the requirements for pleading standing:

> . . . the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.  **Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element**.

. . .

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

. . .

For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be "concrete."

Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be "concrete." Under the Ninth Circuit's analysis, however, that independent requirement was elided. As previously noted, the Ninth Circuit concluded that Robins' complaint alleges "concrete, de facto" injuries for essentially two reasons. First, the court noted that Robins "alleges that Spokeo violated his statutory rights, not just the statutory rights of other people." Second, the court wrote that "Robins's personal interests in the handling of his credit information are individualized rather than collective." Both of these observations concern particularization, not concreteness. We have made it clear time and time again that an injury in fact must be both concrete and particularized. Concreteness, therefore, is quite different from particularization.

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547-1548 (2016) (*emphasis in bold added*, *internal citations omitted* – vacating and remanding 9th Cir.'s reversal of District Court's dismissal for lack of standing).

First of all, Contrary to Plaintiff's pleading, Defendants neither own nor operate a restaurant making available a "menu."  In particular, Plaintiff complains that Defendants' "only accessible parking space is located in the farthest corner of

the property away from the entrance[]; and, no accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2." (Compl. pg. 4:5-8)

Plaintiff's complaint also gives no indication that he actually tried accessing the the business, and thus gives no indication that he suffered an injury in fact, as required to convey standing (Ibid. ¶¶11 - 13).  Plaintiff's Complaint asserts he was visiting the business, at least in part, as a "tester." (Ibid. pg.5:21-25)  Plaintiff appears to confuse the term "tester" with the term "spotter."  Standing as a tester does not relieve a Plaintiff from having to suffer an "injury in fact." He does not gain standing by merely "spotting" deviations from regulatory specifications, without any explanation of whether and how the alleged code deviation impacted him.

Additionally, Plaintiff's filing history makes his claimed intent to return lack credibility.  The Court can consider the Plaintiff's filing record in assessing his intent to return, as a Court did with a similarly prolific plaintiff in the case of *Langer v. H&R, LLC* (Case No. 2: 18-CV-00596 AB (PJWx)); 2018 U.S. Dist. LEXIS 225938; 2018 WL 6039823, at 7. It matters not that Plaintiff claims tester standing. (*Langer v. Botach Mgmt., LLC* (Case No.: 2:19-cv-5200-SVW-AFM), 2020 U.S. Dist. LEXIS 30280 at 8-10))

## CONCLUSION

Defendants respectfully request this Court to issue an order dismissing Plaintiff's Complaint.  Alternatively, Defendants request that Court issue an Order that Plaintiff appear personally before the Court to testify as to his standing to pursue this lawsuit.

Date:  January 15, 2021             **NORTON MOORE & ADAMS LLP**

By: /s/William Adams
William A. Adams
Attorney for Defendants